### MULCAHEY v. LAKE ERIE & W. R. CO.

(Circuit Court, N. D. Ohio, W. D. July 27, 1895.)

1. EVIDENCE—STENOGRAPHER'S NOTES—PRACTICE IN FEDERAL COURTS.

Act of congress providing that, in addition to the mode of taking depositions in courts of the United States, depositions or testimony may be taken in the mode prescribed by the laws of the state in which the courts are held, merely allows a change in the mode of taking a deposition where some other act of congress allows a deposition to be used in place of oral testimony, but does not authorize the admission of testimony found in the stenographic notes of a former trial, where the laws of the state in which the court is held allows it.

2. FEDERAL COURTS—JURISDICTION—GRANTING NEW TRIAL TO QUESTION.

Where a case has been removed to a federal court, and tried there without objection to the jurisdiction, verdict will not be set aside and new trial granted to enable objection to be made to the jurisdiction, but the party will be left to his remedy by writ of error.

Action by Patrick Mulcahey against the Lake Erie & Western Railroad Company. There was a verdict for plaintiff, and defendant moves for a new trial.

Finley & Bennett, John N. Doty, and Hurd, Brumback & Thatcher, for plaintiff.

A. W. Scott, and John B. Cockrum, for defendant.

HAMMOND, J. On its merits the motion for a new trial in this case must be overruled. I do not think the exclusion of the testimony of Andrew Shainer, which was found in the stenographic notes of the former trial, was error. The act of congress (Acts 52d Cong., 1st Sess., c. 14) which provides "that in addition to the mode of taking the depositions of witnesses in cases pending at law or equity in the district and circuit courts of the United States it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the states in which the courts are held" has not changed the ordinary rule of the federal courts that the witness must be produced and his testimony taken orally. Con-

gress has prescribed the only conditions under which depositions may be substituted for oral testimony, and we can use other than oral testimony only in compliance with those conditions, which are so familiar that it is unnecessary to cite them.    All that the recent act of congress above quoted has done is to permit depositions authorized by congress to be taken according to the mode in vogue in the state.    It has not enlarged or changed the conditions under which depositions may be substituted for oral testimony, and the state of Ohio cannot, therefore, prescribe other and different conditions than those prescribed by congress.    Except, therefore, in directing how a deposition may be formally taken, section 5243 of the Revised Statutes of Ohio (Laws Ohio 1894, p. 86) has no effect upon this question.    Our acts of congress prescribe that the deposition of a witness beyond the jurisdiction of a court may be taken under certain conditions, and the testimony of this witness so beyond the jurisdiction of this court might have been taken under that act of congress in any mode authorized by the laws of Ohio.    But it is quite another thing to say that his testimony found in the stenographic report of a former trial may be used in evidence, and, congress not having said this, the legislature of Ohio cannot prescribe such a rule of evidence for us.    The recent act of congress was not intended to have any such effect.

In regard to the objection that the court excluded from the jury the evidence of the negligence of the conductor it is sufficient to say that for the reasons so fully stated in the charge itself I still think that was the correct view of the rights of the parties.    The result is that the verdict here must be sustained and the motion for a new trial overruled.

But we are now confronted with another and an anomalous ground for a new trial, one that, so far as I know, has not been presented before; at least no case has been cited in which it has occurred. This case has been twice expensively tried in this court, once resulting in a mistrial and now in this verdict for the defendant.    Yet, for the first time, attention is called to a defect of pleading in the petition for removal which is said to be fatal to our jurisdiction.    And we are asked to set this verdict aside and grant a new trial in order that we may then hear a motion to remand the case to the state court from which it came for want of jurisdiction here.    It does seem to me that if ever a new trial should be refused upon such a ground as that it should be done in this case.    It is entirely true that the recent legislation of congress has made it quite unnecessary to make any objection to the jurisdiction, and the court is required, whenever the want of it appears, to dismiss the case.    This legislation is in hostility to the jurisdiction of the federal courts, and reverses the general rule for quieting all questions of jurisdiction by the appearance and waiver of the parties, and the final judgment in the case.    And these cases are dismissed in the appellate courts where the want of jurisdiction appears, and often on the motion of the courts themselves.    But it does not follow from this, in my judgment, that the court here must aid this objection to the jurisdiction by changing the attitude of the party making it, releasing him from the technical obstructions that

exist to his motion, and complacently putting him in an attitude where he may make it. Evidently and technically the obligation of this court to dismiss a suit whenever a want of jurisdiction appears terminates with verdict and judgment. The right of the party to object to the jurisdiction, like all other rights preceding judgment, is by verdict and judgment technically terminated. This is the technical condition here. It is true the court still has power to set aside the verdict and grant a new trial, and until the term is adjourned that power subsists, although an execution may in the meantime issue upon the verdict and judgment, if it be not before that time suspended. It is not impossible that the money may have been collected and be in the pocket of a plaintiff before the term adjourns and the execution is satisfied. Upon good grounds a new trial may nevertheless be granted and restitution commanded; but it would hardly be said that these acts of congress would require us to do that in order to entertain an objection to the jurisdiction. It would not, in such a case, be a good ground for a new trial that we had no jurisdiction. But none the less is this verdict and judgment final in the sense we are now considering it from its rendition and entry. It must be a mere matter of grace and favor to the plaintiff to grant him a new trial in order that he may object to the jurisdiction.

And I am not disposed, for sound and substantial reasons, to grant that indulgence in this case, but shall leave the plaintiff where the verdict and the judgment left him in that behalf. It may be that, through the effect of a writ of error, the plaintiff can take this case to an appellate tribunal, and there have the case dismissed for want of jurisdiction. This would be to transfer to the appellate court the determination of the question whether or not this petition is insufficient and the jurisdiction wanting; and also the question whether or not, even in the appellate court, it be not too late, after verdict and judgment, to take this objection, unless there be substantial ground for vacating the judgment and restoring the case to a condition in which the objection to the jurisdiction would be technically available. And in my judgment, after verdict, that is the proper tribunal to determine these questions, and only that tribunal; and it would be unwise for the trial court, if not unlawful, to assume the decision of them, possibly to usurp it after verdict by exercising the power of granting a new trial in order to take hold of the question of jurisdiction again, and decide it. I have here and now no power to decide this question of jurisdiction, and the appellate court has, through the medium of a writ of error, the power to decide it, and should be permitted to exercise that power in all justice to the parties involved. I could, through the medium of a preliminary and previous grant of a new trial, again acquire the power of decision, but I doubt if a court should by such means assume the function of decision, and for this reason: If it does, and the case be remanded, the defendant is finally and conclusively precluded, upon the question of jurisdiction, by the judgment here that the jurisdiction does not exist because there is no appeal from an order remanding the case. If, however, the court should decide in favor of the

jurisdiction, the objecting plaintiff could take the case to the supreme court of the United States under the recent act of congress. This would seem an unfair advantage. And now that the case is in the attitude of giving both parties the right to the judgment of the appellate court, whether the court of appeals or the supreme court, under the recent acts of congress, I need not say, I do not feel disposed to reinstate the plaintiff to the advantage of having here a final adjudication upon the question of jurisdiction, and think he should be put to his writ of error to correct his misprisions and neglect to heretofore take objection to the jurisdiction, as he might have done and ought to have done. I shall therefore not grant a new trial in order that the plaintiff may make an objection to the jurisdiction in the present attitude of the case.

It is perhaps well that I should now state the objection to the jurisdiction, so that this ruling may be fully understood. The petition for removal states only that the plaintiff, Patrick Mulcahey, is a citizen of the state of Ohio, and a resident thereof. It does not also aver that he was likewise a citizen of the state of Ohio at the time the suit was brought, and on the authority of Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, it is claimed we have no jurisdiction, and we are asked to grant a new trial in order that a motion may be made to remand the case to the state court. Reply has been made to this objection to the jurisdiction that, although it does not appear in the petition itself that the plaintiff was a citizen of Ohio at the time the action was commenced, it does appear from the proof in this case taken at the trial that such was the fact, and it is contended that this cures the defect of the petition and supports the jurisdiction. Of course, I need not and should not decide this point after what has been said upon the subject of leaving the plaintiff to his remedy by writ of error, but it may be well enough, in explanation of the record, to state the fact that, while on the whole proof there can be no doubt that this plaintiff was at the time the suit was brought a citizen of Ohio, and possibly has always been from his birth up, it is rather a matter of inference from the facts that were proved, such as his residence in Ohio and his home there, that his mother and family were living there, and his neighbors and friends all recognizing him as a resident and inferentially a citizen of Ohio. But inasmuch as a man may reside and have a home and have all his family in a place where he is not a citizen, it may be that the fact of his citizenship does not technically appear, even if it be conceded that it cures the objection to the jurisdiction to have it appear that he was a citizen at the time the suit was brought in the oral proof taken down by a stenographer, and is not required to appear upon what is known as the technical record of the case. All these questions the plaintiff might have tried in this court if he had made the objection in time, but it is too late now to make them, unless a new trial be granted for that purpose, which I have concluded not to grant. Motion overruled.