STEVENS *v.* NICHOLS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 190. Argued March 11, 1889. — Decided April 1, 1889.

A petition for removal which alleges the diverse citizenship of the parties in the present tense is defective, and if it does not appear in the record that such diversity also existed at the commencement of the action, the cause will be remanded to the Circuit Court with directions to send it back to the state court, with costs against the party at whose instance the removal was made.

THE case as stated by the court was as follows:

This action was commenced on the 25th day of July, 1881, in one of the courts of Missouri, by the defendant in error against the Texas and Atlantic Refrigerator Car Company, a corporation of that State, Robert S. Stevens and Henry D. Mirick. Its object was to reach, and have applied in satisfaction of a judgment obtained by the plaintiff against the car company, the several amounts due from Stevens and Mirick on their subscriptions of stock in that company.

Stevens and Mirick filed a joint petition for the removal of the case into the Circuit Court of the United States, upon the ground of the diverse citizenship of the parties. The allegation in the petition was that the plaintiff " *is* a citizen of the State of Missouri," and that the defendants " *are* not citizens

of the State of Missouri, but *are* citizens of the State of New York."

The state court made an order for the removal of the case to the Circuit Court of the United States. In the latter court, the necessary pleadings having been filed, the case was tried, resulting in a verdict and judgment against Stevens for the sum of $5027.33, and against Mirick for the sum of $627.41. The court having overruled a motion for new trial, and also a motion in arrest of judgment, Stevens has brought the case here for review.

No question was made in the court below or in this court as to the right of Stevens and Mirick to remove the case from the state court.

*Mr. A. H. Garland* and *Mr. James Carr* for plaintiff in error.

*Mr. George P. B. Jackson* for defendant in error.

Mr. Justice Harlan delivered the opinion of the court.

1. It was held in *Robertson v. Cease*, 97 U. S. 646, 649, upon writ of error from a Circuit Court of the United States, that "in cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record." *Mansfield, Coldwater &c. Railway v. Swan*, 111 U. S. 379, 382; *Hancock v. Holbrook*, 112 U. S. 229, 231; *Thayer v. Life Association*, 112 U. S. 717, 719; *Continental Ins. Co. v. Rhoads*, 119 U. S. 237, 239.

2. The case was not removable from the state court, unless it appeared affirmatively in the petition for removal, or elsewhere in the record, that at the commencement of the action, as well as when the removal was asked, Stevens and Mirick were citizens of some other State than the one of which the plaintiff was, at those respective dates, a citizen. *Gibson v.*

*Bruce*, 108 U. S. 561, 562; *Houston & Texas Central Railway* v. *Shirley*, 111 U. S. 358, 360; *Mansfield, Coldwater &c. Railway* v. *Swan*, 111 U. S. 379, 381; *Akers* v. *Akers*, 117 U. S. 197.

3. The petition for removal does not allege the citizenship of the parties except at the date when it was filed, and it is not shown elsewhere in the record that Stevens and Mirick were, at the commencement of the action, citizens of a State other than the one of which the plaintiff was, at that date, a citizen. The court, therefore, cannot consider the merits of the case. *Metcalf* v. *Watertown*, 128 U. S. 586; *Morris* v. *Gilmer*, 129 U. S. 315, 325.

The judgment is reversed upon the ground that it does not appear that the Circuit Court had jurisdiction, and the case is remanded to that court, with directions to send it back to the state court, the plaintiff in error to pay the costs in this court and in the court below. *Mansfield &c. Railway* v. *Swan*, 111 U. S. 379.

*Reversed.*