## JACKSON v. ALLEN.

## BROWN v. ALLEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Nos. 44, 45. Argued October 22, 23, 1889.— Decided October 28, 1889.

When it appears from the record in this court in a cause commenced in a state court, and removed to a Circuit Court of the United States on the ground of diverse citizenship, and proceeded in to judgment there, that the citizenship of the parties at the time of the commencement of the action, as well as at the time of filing the petition for removal, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested, the defect cannot be cured by amendment, and the judgment of the Circuit Court will be reversed at the cost of the plaintiff in error, and the cause remitted to that court with directions to remand it to the state court.

THIS action was commenced June 7, 1884, in the Civil District Court, parish of Orleans, Louisiana, by petition as follows:

" The petition of Allen, West and Bush, a commercial firm doing business in the city of New Orleans and composed of James H. Allen, Thomas H. West, and John C. Bush, respectfully shows —

" That your petitioners sold to Alfred F. Jones, to be paid for cash on delivery, and delivered to him on the 4th day of June, 1884, certain two hundred and sixty-eight (268) bales of cotton of the price and value of twelve thousand six hundred and sixty-five $\frac{25}{100}$, $12,665.25, dollars, all of which more fully ap-

pears and is set forth in the detailed account marked 'Exhibit A' and hereto annexed as part of this petition.

"That said defendant has failed and neglected to pay and now refuses to pay for said cotton, save and except the sum of eighteen hundred dollars ($1800) paid on account of and in deduction of said purchase price, leaving said purchase price now due and owing the full sum of ten thousand eight hundred and sixty-five $\frac{25}{100}$ dollars ($10,865.25).

"That your petitioners have special lien and privilege on said cotton for the payment of said purchase price thereof; that the same is now in possession of William Jackson, master of and bailee of the owners of the steamship called the 'Counsellor,' lying at the port of Orleans; that petitioners fear that pending this suit the said Alfred F. Jones and said William Jackson, master of said steamship called the 'Counsellor,' bailee of her owners, will part with, conceal, or dispose of said cotton, which is an agricultural product of the United States, and was sold as aforesaid in the city of New Orleans, or will remove the same out of the State or beyond the jurisdiction of this honorable court, and that they will thereby lose their vendors' lien and privilege thereon.

"Wherefore, the annexed bond and affidavit considered, petitioners pray that a writ of sequestration issue directed to and requiring the civil sheriff of the parish of Orleans to seize and to hold the cotton as aforesaid, in whatsoever hands or place the same may be found, subject to the further order of this honorable court; that said Alfred F. Jones and said William Jackson, master of the steamship 'Counsellor' and as bailee of her owners, be hereby cited to answer this petition, and, after due proceedings, that petitioners have judgment against said Alfred F. Jones and against the said William Jackson, master of said steamship and bailee of her owner *in solido*, in the sum of ten thousand eight hundred and sixty-five $\frac{25}{100}$ dollars, (10,865.25,) with legal interest thereon from judicial demand until paid, and for costs, with special lien and privilege upon said cotton sold and seized for the payment of said judgment. They pray for all general relief.

"CHAS. S. RICE,
*Of Counsel.*"

On the 7th of June the writ of sequestration was ordered to issue and did issue. Thereupon; on the 11th of June, the following petition was filed in the cause :

" The petition of intervention and third opposition of Brown Bros. & Co., a commercial firm domiciled in and doing business in the city of New York and State of New York and composed of citizens of said State, *viz.*, James M. Brown, Charles D. Dickey, Howard Potter, John Crosby Brown, John Edgar Johnson, Stewart Henry Brown, Alexander H. Brown, —— Collett, —— Chalmers, respectfully shows —

" That in the above-entitled suit Allen, West & Bush, a commercial firm of this city, brought suit against A. F. Jones, also of this city, for a balance claimed to be due upon certain cotton sold and sequestered the same in the possession of one William Jackson, master and bailee of the owners of the steamship Counsellor, on which vessel said cotton, consisting of 268 bales, fully described in plaintiffs' petition, had been laden for transportation to England.

" Petitioners represent that prior to said suit and sequestration the steamship Counsellor had issued to the defendant Jones a bill of lading for the aforesaid 268 bales of cotton, on which bill of lading, negotiable by indorsement, under the law of Louisiana, the said Jones, prior to the suit herein, indorsed over and transferred to your petitioners for the purpose of pledging said cotton for the payment of a draft for 2680 pounds sterling, drawn by said Jones, to which said bill of lading was attached, and which draft your petitioners purchased upon the faith of said negotiable bill of lading; and petitioners aver that they are innocent third holders of the same for value, and, as against all persons, are to be deemed and taken to be the owners of said 268 bales of cotton and entitled to the same.

" Wherefore petitioners pray that this petition of intervention and 3rd opposition be filed; that the commercial firm of Allen, West & Bush and the individual members thereof, James H. Allen, Thomas H. West, and John C. Bush, and William Jackson, master of the S. S. Counsellor, be cited to

appear and answer this petition, and that after due proceedings there be judgment in favor of petitioners and against said defendants, recognizing petitioners as the transferees and holders of the bill of lading issued by the steamship Counsellor for said 268 bales of cotton and the lawful owners and possessors of said 268 bales of cotton, and for costs; and petitioners pray for such other and further order and relief as the nature of the case may require and the court is competent to give.

" BAYNE & DENÉGRE, <em>Attorneys.</em>"

A citation of intervention issued on the 12th day of June, and on the 26th of that month Jackson, the master of the Counsellor, appeared and made answer setting up that he was " an alien and subject of the British empire, master of the steamship Counsellor, and bailee of her owners, all of whom are aliens, subjects of said British empire."

On the same 26th of June two petitions were filed for the removal of the cause to the Circuit Court of the United States. The first, by Brown Brothers & Co., was as follows:

" To the honorable the Civil District Court in and for the parish of Orleans:

" The petition of Brown Brothers & Co., a commercial firm composed of James M. Brown, Charles D. Dickey, Howard Potter, John Crosby Brown, John Edgar Johnson, Frederick Chalmers, Mark W. Collett, Francis A. Hamilton, Alexander H. Brown, Stewart M. Brown, residing in and doing business in New York, and who are citizens of New York, as. these petitioners aver, respectfully shows that the above-described suit of *Allen, West & Bush* v. *A. F. Jones et als.*, No. — of the docket of this court, is a suit of a civil nature at law now pending in the Civil District Court for the parish of Orleans, a state court of the State of Louisiana, where the matter in dispute, exclusive of costs, exceeds the sum of five thousand dollars; that —

" 1st. That there is a controversy between citizens of different States.

" 2nd. That there is a controversy which is wholly between

citizens of different States, which can be fully determined between them and these petitioners.

"3rd. That there is a controversy in which these petitioners, citizens of the State of New York, William Jackson, master, and owners of the steamship Counsellor, cited as bailees, concurring, and who are aliens, citizens and subjects of the Kingdom of Great Britain, on one side, and Allen, West and Bush and the members of said firm and A. F. Jones, citizens of Louisiana, on the other side, make a controversy wholly between citizens of different States, which can be fully determined as between them, and authorizes the removal.

"4th. That there is a controversy wholly between petitioners, citizens of New York, and Allen, West and Bush, citizens of Louisiana, which can be fully determined as between them.

"Petitioners file their bond and security for entering in the Circuit Court of the United States for costs, according to law, on the first day of its next session, and for paying costs.

"And petitioners pray this court to proceed no further herein, except to make the order for removal required, to accept the bond, and cause the record to be removed to said United States Circuit Court, fifth circuit, eastern district of Louisiana, and for all equitable relief.

"BAYNE & DENÉGRE,
*Attorneys for Petitioners.*"

The second petition, by Jackson, was as follows:

"To the honorable the Civil District Court in and for the parish of Orleans:

"The petition of William Jackson, master of the steamship Counsellor, who is an alien and a citizen and subject of the Kingdom of Great Britain, bailee of the owners of said steamship Counsellor, for whom he is cited as bailee in this suit, and who are all aliens and citizens and subjects of the Kingdom of Great Britain, respectfully represents—

"That the matter and thing in dispute in above-entitled suit exceed, exclusive of costs, the sum of and value of $500; that the controversy in said suit is between citizens of a State

and foreign citizens and subjects, and that petitioner and the owners of said steamship all were at the time of the commencement of this suit and still are citizens and subjects of the Kingdom of Great Britain.

"That petitioner offers herewith a bond, with good and solvent surety, for his entering in the Circuit Court of the United States in and for the fifth circuit and eastern district of Louisiana a copy of the record of this suit and for paying all costs which may be awarded by said Circuit Court if said court should hold that this suit was wrongfully or improperly removed thereto; and he prays this honorable court to proceed no further herein, except to make the order of removal required by law and to accept the said surety and bond, and to cause the record herein to be removed into said Circuit Court of the United States in and for the fifth circuit and eastern district of Louisiana; and petitioner will ever pray.

"LEARY & KRUTTSCHNITT,
*Attorneys for Petitioner.*"

Thereupon on the 27th of June, orders were duly made for the removal of the cause, in all its branches, to the Circuit Court of the United States. Subsequently such proceedings were had there, that after default taken against Jones, the following judgment was entered in the cause at April term, 1886:

"The parties in this cause having filed a stipulation waiving the intervention of a jury, and submitted the cause to the court upon the issues of fact as well as of law, and the court, having considered the evidence and being advised in the premises, finds the issues of fact raised by the pleadings in favor of the plaintiffs. It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiffs, the commercial firm of Allen, West & Bush, composed of James H. Allen, Thomas H. West, John C. Bush, and against the defendants, the succession of Alfred F. Jones, in the sum of ten thousand eight hundred and sixty-five $\frac{25}{100}$ dollars ($10,865.25), with legal interest thereon from the 7th day of June, 1884, until paid, with recognition of lien and privilege in favor of said plaintiffs

as vendors upon the two hundred and sixty-eight bales of cotton herein sequestered for the payment of the same.

"It is further ordered, adjudged, and decreed that the petition of intervention and third opposition of the commercial firm of Brown Brothers & Co., composed of James M. Brown, Charles D. Dickey, Howard Potter, John Crosby Brown, John Edgar Johnson, Stewart Henry Brown, Francis A. Hamilton, Alexander H. Brown, Mark W. Collett, and Frederick Chalmers, be to the extent of the judgment, with lien and privilege, hereinabove rendered in favor of the said plaintiffs as vendors of said cotton sequestered herein, and the same is dismissed, but that to any residue of said cotton or its proceeds, after satisfaction of the aforesaid judgment thereupon, the said intervenors and third opponents be declared to be entitled and accordingly have judgment therefor.

"It is further ordered, adjudged and decreed that said plaintiffs have judgment against the defendants, the succession of Alfred F. Jones, and William Jackson, master of the steamship Counsellor, and as bailee of the owner of said steamship, *in solido,* for all costs incurred in this suit prior to the filing of said petition of intervention and third opposition, and that all costs incurred subsequent to the filing of said petition be paid out of the cotton sequestered or its proceeds."

Thereupon a writ of error was sued out by Jackson against Allen, West & Bush and Brown Brothers & Co., and another writ of error by Brown Brothers & Co. against Allen, West & Bush. When the cause was reached on the docket in this court it was argued on the merits. The briefs on neither side treat of the question of jurisdiction on which the case turned in the opinion of the court.

*Mr. Thomas L. Bayne* for Brown Brothers & Co. *Mr. George Denégre* was with him on the brief.

*Mr. Ernest B. Kruttschnitt* and *Mr. Edgar H. Farrar,* for Jackson, submitted on their brief.

*Mr. Alfred Goldthwaite* and *Mr. John M. Allen* for Allen, West & Bush.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The original action and that of intervention and third opposition therein were brought in the Civil District Court for the parish of Orleans, Louisiana, and petitions filed for their removal into the Circuit Court of the United States for the Eastern District of Louisiana, upon the ground of the diverse citizenship of the parties. The cause was thereupon docketed and tried in the Circuit Court by the judge thereof, on stipulation according to the statute, and upon his findings judgment was rendered and writs of error were prosecuted to this court.

It appears from the record that the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown, and that therefore the jurisdiction of the state court was never divested. *Stevens* v. *Nichols*, 130 U. S. 230. This being so, the defect cannot be cured by amendment. *Crehore* v. *Ohio and Mississippi Railroad Co.*, 131 U. S. 240.

*We are compelled to reverse the judgment, at the costs, however, of the respective plaintiffs in error, and remit the cause to the Circuit Court, with directions to remand to the state court. Ordered accordingly.*