CAPLES v. TEXAS & P. RY. CO.  HOLLAND v. SAME.  CRUZ v. SAME.

(Circuit Court, W. D. Texas, El Paso Division.  April 10, 1895.)

Nos. 175, 178, and 187.

1. REMOVAL OF CAUSES—COMPLAINT NOT SHOWING FEDERAL QUESTION.
   Under Act Aug. 13, 1888 (25 Stat. 433, § 2), a cause cannot be removed from a state to a federal court on the ground that it is one arising under the constitution, laws, or treaties of the United States, unless the fact so appears by the plaintiff's statement of his own claim.

2. SAME—AMENDMENT OF PLEADING AFTER REMOVAL.
   Where the plaintiff's original pleading shows no ground for removal, the deficiency is not cured by an amended pleading, filed after the defendant has removed the cause.

3. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.
   Whether the circuit court of the United States would have jurisdiction of a suit in which the plaintiff's complaint claims no right under the constitution or any law of the United States, and gives no intimation that any federal question will arise, merely because the defendant is a corporation organized under the laws of the United States,—quaere.

These were three actions brought against the Texas & Pacific Railway Company by William Caples, J. R. Holland, and Juan Cruz, respectively. They were originally brought in the district court of El Paso county, Tex., and were removed to the United States circuit court by the defendant. Plaintiffs moved to remand.

The three above-entitled suits were originally instituted in the district court of El Paso county, Tex. The first case was a suit brought by the plaintiff to recover damages of the defendant for wrongfully using and obstructing, by its trains, the public street, in El Paso, passing immediately in front of the plaintiff's residence property. Damages are laid at the sum of $7,500. In the second case suit is brought to recover $2,500 as damages sustained by the plaintiff on account of the negligence of the defendant in transporting certain cattle from the station of Pecos City to Midland, Tex.; it being alleged that 75 head of the cattle were killed in transit, and the remainder bruised and seriously injured. The third case is a personal damage suit to recover $7,000. because of personal injuries inflicted upon the wife of plaintiff through the negligence of defendant's agents and servants in the management and operation of one of its trains in the city of El Paso. The original petitions filed in the three cases contain similar allegations as to the residence of the respective plaintiffs, and the incorporation of the defendant, which are substantially as follows: That each plaintiff is a resident of the state of Texas, and that the defendant is a corporation duly incorporated by law, and owns and operates a railroad within the county of El Paso, Tex. Neither one of the original petitions, directly or inferentially, alleges that the defendant is a corporation organized under an act of congress; nor will there be found in either one of them any mention of the constitution, or any law of the United States, or any mention of a claim of right asserted under either the federal constitution or a federal statute. The defendant seasonably and in proper form filed a petition and bond in each suit for the removal of the causes to this court. The petition for removal in each case shows upon its face that the amount in controversy is sufficient to confer jurisdiction upon the circuit courts. The ground upon which the defendant predicates its right of removal is that the suit in each case is one arising under the laws of the United States, and to show that fact the following allegations are made in the respective petitions: "That the Texas and Pacific Railway Company was and is a corporation duly organized and existing under and by virtue of the laws of the United States, to wit. 'An act to incorporate the Texas Pacific Railroad Company, and to aid in the construction of its road, and for other

purposes,' approved March 3, 1871, and acts amendatory thereof and supplemental thereto, including an act approved May 2, 1872, whereby, among other things, the name, style, and title of said Texas Pacific Railroad Company was changed to the Texas and Pacific Railway Company. * * * That this suit against this defendant is a suit arising under the laws of the United States, and more especially under the laws of the United States constituting the charter of this defendant, and under which it was incorporated; that is to say, the said act of congress of the United States approved March 3, 1871, entitled, 'An act to incorporate the Texas Pacific Railroad Company, and to aid in the construction of its road, and for other purposes,' and acts amendatory thereof and supplemental thereto, approved, respectively, on May 2, 1872, March 3, 1873, and June 22, 1874. That the above-entitled action is a civil suit arising under the laws of the United States of which the circuit court of the United States of the Western district of Texas is given original jurisdiction by act of congress, approved March 3, 1887, to wit, an act entitled 'An act to amend the act of congress approved March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from state courts, and for other purposes," ' and the act of congress approved August 13, 1888, entitled 'An act to correct the enrollment of an act approved March 3, 1887, entitled "An act to amend sections 1, 2, 3 and 10 of an act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes," ' approved March 3, 1875." In accordance with the prayer of the respective petitions, the state court ordered the removal of the suits to this court, in which the records were in due time filed by the defendant. Since the filing of the records in this court, amended petitions, in the first and third cases, and stipulations as to the taking of testimony in the second case, have been filed by the parties. But it is unnecessary to consider any of these, except the amended original petition filed by the plaintiff in the third case. In that case—Cruz against the defendant—the plaintiff made the following amendment in reference to the incorporation of the defendant, and his own citizenship: "That plaintiff resides in the city and county of El Paso, Texas, and is a citizen of the state of Texas, and was such citizen at the time of the institution of this suit and the removal of the same; that the defendant, the Texas and Pacific Railway Company, is a corporation duly incorporated by and under the laws of the congress of the United States, and that the said defendant owns and operates a line of railway in said El Paso county, and in the Western district of Texas aforesaid." In each case a motion to remand has been made on the ground that the "plaintiff's original petition in no way alleges or shows that this suit arises under the laws of the United States, and fails to allege any facts showing that this court has jurisdiction herein or that defendant had any right or authority in law to remove said cause to this court."

W. M. Coldwell, Falvey & Davis, A. G. Wilcox, and Leigh Clark, for plaintiffs.

Peyton F. Edwards, for defendant.

MAXEY, District Judge (after stating the case) delivered the following opinion:

As the defendant is a corporation owing its legal existence to acts of congress, removal of these causes is sought on the ground that they are suits arising under the laws of the United States. It is said by Mr. Chief Justice Fuller, speaking for the court, in Railroad Co. v. Cox, 145 U. S. 601, 12 Sup. Ct. 905, that:

"The Texas and Pacific Railway Company is a corporation deriving its corporate powers from acts of congress, and was held in Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, to be entitled, under the act of March 3, 1875, to have suits brought against it in the state courts removed to the circuit courts of the United States on the ground that they were suits

arising under the laws of the United States. The reasoning was that this must be so, since the company derived its powers, functions, and duties from those acts, and suits against it necessarily involved the exercise of those powers, functions, and duties as an original ingredient."

Under the act of March 3, 1875, § 2 (18 Stat. 470), either party to the suit, plaintiff or defendant, was entitled to remove a suit from a state court to the circuit court of the United States on the ground that the suit was one arising under the constitution or laws of the United States; and under that act it was held sufficient to justify a removal by the defendant that the record at the time of the removal showed that either party claimed a right under the constitution or laws of the United States (Tennessee v. Union & Planters' Bank, 152 U. S. 460, 14 Sup. Ct. 654, citing authorities), whether the federal question, upon which the right of removal was made to depend was raised for the first time in the suit by the answer or plea of the defendant. Metcalf v. Watertown, 128 U. S. 589, 9 Sup. Ct. 173, citing Railroad Co. v. Mississippi, 102 U. S. 135, and other authorities. Under the act of August 13, 1888, § 2 (25 Stat. 433) the right to remove a suit from the state court to the circuit courts, on the ground that it is one arising under the federal constitution or laws, is limited to the defendant, and also to that class of suits of which the circuit courts are given original jurisdiction by the first section of the act. Thus it is said by Mr. Justice Gray, as the organ of the court, in Tennessee v. Union & Planters' Bank, 152 U. S. 461, 462, 14 Sup. Ct. 654, referring to the act of August 13, 1888:

"But the corresponding clause in section 2 allows removals from a state court to be made only by defendants, and of suits of which the circuit courts of the United States are given original jurisdiction by the preceding section; thus limiting the jurisdiction of a circuit court of the United States on removal by the defendant, under this section, to such suits as might have been brought in that court by the plaintiff under the first section." "And by the settled law of this court," further says Mr. Justice Gray, at page 464, 152 U. S., and page 654, 14 Sup. Ct., "as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws."

In these three suits as filed by the plaintiffs in the state court no right is claimed under the constitution or any law of the United States, nor is there the slightest intimation that any federal question arises in them, nor in either one of them is any mention made of the constitution or laws of the United States. They are suits based upon the right of the plaintiffs to recover damages of the defendant by virtue of the negligence of its agents and servants, and under the general and familiar principles of the common law. Whether, therefore, this court would have original jurisdiction of these suits, admits, to say the least, of serious doubt, particularly in view of the case of Tennessee v. Union & Planters' Bank, supra. The decision of that question, however, not being absolutely necessary to the proper disposition of the motions to remand, its determination for the present will be reserved. These suits must be remanded to the state court on another ground. As already said, the original petitions of the plaintiffs suggest no federal question,

and the first averment or intimation that the suits arise under the constitution or laws of the United States is found in the petition for removal filed by the defendant in the state court. It appears from the authorities cited above that the suits could have been removed under the act of March 3, 1875, as that act, according to the construction placed upon it by the supreme court, authorized removal by the defendant, as has already been shown, although the federal question was raised for the first time in the suit by his plea or answer or in his petition for removal. A different rule, however, obtains under the act of August 13, 1888, which forbids the removal of a suit by the defendant, unless the fact that it is one arising under the constitution or laws of the United States appears by the plaintiff's statement of his own claim. Says Mr. Justice Gray, in Cable Co. v. Alabama, 155 U. S. 487, 15 Sup. Ct. 192:

"It is equally well settled that under the provisions above referred to of the existing act of congress no suit can be removed by a defendant from a state court into the circuit court of the United States as one arising under the constitution, laws, or treaties of the United States, unless the fact that it so arises appears by the plaintiff's statement of his own claim; and that a deficiency in his statement in this respect cannot be supplied by allegations in the petition for removal, or in subsequent pleadings in the case." Tennessee v. Union & Planters' Bank, supra; Chappell v. Waterworth, 155 U. S. 102. 15 Sup. Ct. 34; Land Co. v. Brown, 155 U. S. 489, 15 Sup. Ct. 357.

It therefore clearly appears that the defendant was not entitled to remove the first and second of these suits, but it is suggested by counsel that the third cause—Juan Cruz against the company—should be retained here, because the plaintiff has cured any deficiency appearing in his original petition, as to the existence of a federal question, by alleging, in his amended petition, filed in this court, that the defendant is a corporation deriving its existence and corporate powers and functions from the laws of the United States. The language of the court in Cable Co. v. Alabama, supra, furnishes a conclusive answer to this suggestion. "A deficiency in his statement, in this respect, cannot be supplied by allegations in the petition for removal, or in subsequent pleadings in the case." And that such deficiency in the plaintiff's original statement cannot be so amended in this court as to confer upon the court jurisdiction of a cause which was not properly removable when the petition and bond for removal were filed by the defendant in the state court, appears also clear by reference to the following authorities: Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9. For the reasons stated, the motions to remand these suits should be sustained, and the causes remanded to the state court at the cost of the defendant; and it is so ordered.