**VICTORY v. MANNING, Collector of Internal Revenue.**

**No. 7955.**

Circuit Court of Appeals, Third Circuit.
Argued April 9, 1942.

Decided May 1, 1942.

Julius J. Seiden, of Jersey City, N. J. (Harry Lane, of Jersey City, N. J., of counsel), for appellant.

O. W. Hammonds, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Gerald L. Wallace, Sp. Assts. to the Atty. Gen., Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiff brought an action in the District Court for the District of New Jersey against the Collector of Internal Revenue to enjoin him from proceeding in the collection of a tax assessed against the plaintiff on income received for the year 1938. The plaintiff alleged in his complaint that the Commissioner of Internal Revenue, on finding an alleged tax deficiency, had failed to proceed toward a legal assessment in that he omitted to send by registered mail a notice of the deficiency. The defendant moved to dismiss the complaint for the reason that the court lacked jurisdiction to entertain the proceeding and attached to his motion a document purporting to be a photostatic copy of "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" signed by the plaintiff. Attached also was what was purported to be a copy of a letter to the plaintiff from the revenue agent in charge bearing date of March 26, 1941. This being the state of the record, the learned trial judge dismissed the complaint and the plaintiff appeals to this court.

The federal statutes contain a general provision that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.[1] An express exception, however, allows an injunction where the taxpayer

has not been sent his 90-day letter, within which time he may ask the Board of Tax Appeals for a redetermination of a deficiency.[2] This is the section relied upon by the taxpayer in this case. The same section, however, provides in another clause that the taxpayer may by a signed notice in writing waive the restrictions.[3]

One question in this case is whether the defendant's point concerning waiver is properly brought before the court in a motion to dismiss, accompanied by the photostatic copy of the waiver. The plaintiff contends that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, waiver is described as an affirmative defense and must be set forth by answer. His opponent contends that the question does not fall under Rule 8 but under Rule 12, because it goes to the lack of jurisdiction of the court over the subject matter and may be made by motion at the option of the pleader.

We think the defendant is right in this contention. The prohibition against enjoining assessment or collection of taxes is very broad and we think properly described as affecting the jurisdiction of a court over the subject matter of such a suit. The same description applies to the problem whether the case is an exception to the general prohibition or a limitation upon that exception. This court recently had occasion to examine the problem of whether speaking motions are permitted under the new Rules and concluded that they are. Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90. It is true that the issue presented in that case was one of law, but it was also pointed out that no problem arising out of possible claim to jury trial was involved. The latter fact is true here.

The difficulty in this case, however, is to see on what basis the trial judge was justified in granting the collector's motion to dismiss. The motion was accompanied, as has been said, by a photostatic copy of the alleged waiver, but the statute which makes copies of "books, records, papers, or other documents in any of the executive departments" self-authenticating requires the presence of the seal of the particular department thereon.[4] No

---

[1] 26 U.S.C.A.Int.Rev.Code, § 3653(a).
[2] 26 U.S.C.A.Int.Rev.Code, § 272(a).
[3] 26 U.S.C.A.Int.Rev.Code, § 272(d).
[4] 28 U.S.C.A. §. 661. Nor would the copy of the waiver be self-authenticating under Federal Rule of Civil Procedure 44(a) which requires that the copy be "attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody."

seal is shown to have been on this alleged waiver nor was it accompanied by any affidavit identifying it, or otherwise vouching for its genuineness.

However, we find no requirement either in the Federal Rules of Civil Procedure or in the Rules of the District Court of New Jersey that facts alleged in motions and not otherwise appearing of record should be sworn to or contained in an affidavit. The general tenor of the Rules, as they pertain to this question, indicates, rather, that the use of affidavits under such circumstances is discretionary with the parties or the court.[5] Certainly, since a fact can be alleged in a motion, without verification,[6] there would be little logic, in the absence of a specific rule to the contrary, to require the exhibits accompanying that motion to be under oath. The waiver was therefore properly before the court in this case.

The plaintiff saw fit to contest the motion to dismiss the complaint solely on the theory that the defense of waiver was pleaded improperly. One of the points in his statement on appeal is that the court decided this question and then dismissed the action, thereby depriving him of his right to attack the alleged waiver itself. We must thus decide whether, under such circumstances, the plaintiff has had his day in court and is precluded from any further opportunity to attack the waiver or whether, because its validity determines the jurisdictional issue, the case should be remanded for further proceedings to permit an adjudication of that question on the merits.

The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants.[7] Thus, when a motion to dismiss on the ground of lack of jurisdiction over the subject matter is considered, the court, in disposing of the motion should freely allow amendments to show that there is jurisdiction.[8] By parity of reasoning, a further opportunity to attack the substance of the motion in order to show jurisdiction should be accorded to the plaintiff. This would have been the procedure to follow, had the plaintiff, in the court below, requested leave to present additional defenses. But he did not. Otherwise, the power to permit amendments is limited when the question of jurisdiction arises for the first time on appeal. Then, the appellate court may grant the privilege, provided there are facts of record which indicate the presence of jurisdiction.[9] There are no such facts in the present record.

Moreover, the Rules expressly contemplate a "speedy, and inexpensive determination of every action".[10] In accordance with this policy Rule 12 expressly requires that all objections and defenses to be raised by motions shall be joined in one motion with exception of defenses (1) to (5) in subdivision (b) of that Rule and even in the latter instance they must be consolidated.[11] To permit a party to make an objection to a motion, to have a hearing thereon, then to make a further objection and to have another hearing thereon, would constitute a flagrant violation of the general purpose of the Rules, as it would make the litigation more prolonged and more expensive.

It is to be noted again that this is not a case where the plaintiff requested an opportunity to present additional defenses after his first one should be determined. Nor is it one where he asked the court to relieve him from the order "taken against him through his mistake, inadvertence, surprise, or excusable neglect".[12] The record nowhere discloses such facts, or that the plaintiff at any time indicated to the trial court that he had further defenses which he wished to present. Under such circumstance the judge below could properly assume that all propositions which the plaintiff desired to advance were made. We cannot now, as the record stands, find any error in the order of the court dismissing the action.

The order appealed from is affirmed.

---

[5] See Rules 6(d), 7(b) (1) (2) and 11, 8 (e) (1), 43(e) and 56 (d).

[6] Rules 7(b) (1) (2) and 11.

[7] See Rules 8(f), 15(a), 46, 60 and 61.

[8] 1 Moore's Federal Practice (1938) § 12.10; Rule 15(a). See also 28 U.S.C.A. § 399.

[9] Jackson v. Allen, 1889, 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249; Crehore v. Ohio & M. Ry. Co., 1889, 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144.

[10] Rule 1.

[11] Defenses 12(b) (1) and (6) can, because of their nature, be raised at subsequent stages of the action.

[12] Rule 60.