E. Gayle McGUIGAN and Richard Kilcullen, co-partners, doing business under the firm name and style of McGuigan & Kilcullen, Plaintiffs,

v.

Mary Ellen Plant ROBERTS and Amy Plant Statter, Defendants.

United States District Court
S. D. New York.
Feb. 14, 1959.

William M. Kilcullen, New York City, for plaintiffs.

Sinsheimer and Sinsheimer, New York City, for defendant Mary Ellen Plant Roberts, Leonard A. Sussman, New York City, of counsel.

Satterlee, Browne, Cherbonnier & Dickerson, New York City, for defendant Amy Plant Statter, John H. Reilly, Jr., New York City, of counsel.

DAWSON, District Judge.

This is a motion to remand the action to the state court on the ground that it was improperly removed to this Court.

The action, which is one for professional services in the sum of $500,000, was started in the Supreme Court of New York County on January 16, 1959. On January 30, 1959, the attorneys for the respective defendants mailed to the attorney for the plaintiffs notices of appearance and on the same day filed in this court separate petitions for the removal of the action to this court.

The moving party urges that these petitions failed to set forth the jurisdictional facts which would have entitled the defendants to remove the action to this court, in that the petitions allege simply that the defendant Statter was a "resident" of the State of Nevada, but did not allege that she was a "citizen" of a state other than New York; and on the ground that the petitions alleged that the amount in controversy was over $3,000, rather than over $10,000 which is the present jurisdictional requirement.

 It is well established that the right to remove an action from a state court to a federal court depends upon diversity of citizenship and not diversity of residence, and that accordingly the removal papers, alleging merely diversity of residence, are not sufficient to support a removal of the action. Apparently recognizing this fact, and after the present motion was made, the defendants on February 6, 1959, filed an amended petition, both in the state court and in this court. The amended petition corrected the defects in the former petitions in that it alleged that each of the defendants was a citizen of a state other than the State of New York, and in that it alleged that the amount in controversy was over $10,000. This amended petition stated also:

"That this petition is a consolidation and an amendment of two separate petitions for removal heretofore filed in this action, and is being filed within twenty days from re-

374

ceipt of the summons and complaint."

The fundamental issue to be determined on this motion is whether the admitted defects in the original petitions for removal could be corrected by the filing of an amended petition. To decide that they could not be so corrected would exalt form over substance, for there is no doubt that the technical defects which existed in the first petitions have been corrected in the amended petition, and if the facts in the amended petition are correct the action may properly be removed to this court.

Section 1653 of Title 28 U.S.C., provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The statute is not limited; it is broad enough to encompass a petition for removal, as well as allegations in pleadings, and this Court concludes that it is applicable to a petition for removal. Under those circumstances defective allegations in the original petitions might have been corrected by amendment. The attorney for the moving party contends, however, that the phrase "upon terms" presupposes that the amendment may not be filed without permission first having been obtained from this court. Maybe it would have been preferable for the defendants first to have sought permission of this court to file the amended petition. Such permission undoubtedly would have been granted since the amendment corrected errors of language rather than errors of substance in the preceding petitions. Nor would there seem to have been any reason why "terms" should have been imposed.

The amended petition has been filed and accepted by the Clerk. It corrects the errors which may have existed in the previous petitions. Permission to file the amended petition would undoubtedly have been granted if asked for. The Court will therefore consider the amended petition as properly filed. Under these circumstances all the necessary jurisdictional requirements have been met and the motion to remand is denied.

The plaintiffs urge that the issue of Mrs. Statter's actual citizenship is one which they wish to contest and on which they will wish a hearing to be held. If this is so, the necessary application should be made. That issue is not now before this Court; the issue presented on this motion must be determined from the face of the papers and the law applicable thereto.