SCHWINN BICYCLE COMPANY,
Plaintiff,

v.

Cecil E. BROWN d/b/a Your True Value
Hardware and d/b/a Family Schwinn
Center, Defendant.

Civ. No. 82–5008.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

March 9, 1982.

Stanley W. Ludwig, Evans, Ludwig & Evans, Springdale, Ark., for plaintiff.

William Russell Gibson, Pettus, Johnson & Gibson, Fayetteville, Ark., for defendant.

## MEMORANDUM OPINION

WATERS, Chief Judge.

This is an action in which Schwinn Bicycle Company sued Cecil E. Brown, d/b/a Your True Value Hardware and d/b/a Family Schwinn Center in the Circuit Court of Washington County, Arkansas, alleging that the defendant was indebted to the plaintiff in the sum of $11,348.22, representing an open account for goods, materials, merchandise and inventory purchased by the defendant during the time that he had a business relationship with the plaintiff. It is alleged in the complaint that plaintiff is an Illinois corporation and that defendant is a resident of the state of Arkansas. Within the statutory period for removal, the defendant filed a petition for removal, alleging that plaintiff is an Illinois corporation with its principal place of business in Illinois and that the defendant is a "resident" of the state of Arkansas. Contemporaneously with the filing of the petition for removal, the defendant filed his answer, generally denying the allegations of the complaint.

Although the plaintiff has not raised the question of whether this Court has subject matter jurisdiction, the Court finds, *sua*

*sponte*, that it does not and that this matter must be remanded. Of course, the law clearly is that the court not only has the right, but the obligation and duty to carefully consider the pleadings filed in this matter and to determine whether subject matter jurisdiction exists. If the court determines that it does not have jurisdiction, it is obligated, on its own motion if necessary, to remand the matter to state court. *Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (D.C.Tenn.1978); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (D.C.Mich. 1977); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351 (D.C.Wis.1973); *Sexton v. Allday*, 221 F.Supp. 169 (D.C.Ark. 1963).

In determining whether a case should be remanded, a great number of cases hold that if federal jurisdiction is doubtful, such doubt should be resolved in favor of state court jurisdiction and the case remanded. See numerous cases cited in 14 Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction § 3739 n. 23. As is pointed out in that treatise at p. 762:

> This rule rests on the inexpediency, if not unfairness, of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined on appeal that the court lacked jurisdiction.

Of course, the law clearly is that action by a federal court which lacks subject matter jurisdiction is a nullity and that either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered against him. *Amer. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron &*

*Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statutes will be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In the first place, the petition for removal is defective. The law is well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889); *Jackson v. Allen*, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249 (1889); *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966); *Carlton Properties Inc. v. Crescent City Leasing Corp.*, 212 F.Supp. 370 (E.D.Pa.1962). Not only does the petition for removal filed in this case totally fail to meet this requirement, there is not even any mention of the citizenship of the defendant, Cecil E. Brown. The only allegation in the petition for removal which even comes close to alleging citizenship is an allegation that he "is a resident of the state of Arkansas." It is not sufficient to allege residency of a party in a petition for removal because the right to remove an action depends upon diversity of citizenship and not diversity of residence. That is what the statute says and the courts have consistently held that residency and citizenship are not necessarily synonymous. *Tamminga v. Suter*, 213 F.Supp. 488 (D.C.Iowa 1962); *McGuigan v. Roberts*, 170 F.Supp. 372 (D.C.N.Y.1959); *South Panola Consolidated School District v. O'Bryan*, 434 F.Supp. 750 (D.C.Miss.1977).

However, even if the clear defects in the petition for removal pointed out above are overlooked, and even if it is assumed that what the defendant intended to plead in its petition for removal was that both at the time suit was filed in state court and at the time of the filing of the petition for removal, he was a citizen of the state of Arkansas, the case is still not removable. 28 U.S.C. § 1441(b) provides, among other things, that any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitu-

tion, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. This section then goes on to provide: "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Thus, if defendant Brown was a citizen of Arkansas at the time the action was commenced and at the time of removal, his petition for removal was improper, and the matter should clearly be remanded to state court. *See, generally*, 14 Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction § 3723, at p. 590, and 7B Moore's Federal Practice at JC 700–701.

For the reasons stated above, this Court has no choice but to remand this matter to the Circuit Court of Washington County, Arkansas, pursuant to the provisions of 28 U.S.C. § 1447(c).