The ESTATE OF Joseph T. FITZPATRICK, Deceased, By His Personal Representative, Marion Fitzpatrick; and Marion Fitzpatrick, Individually, Plaintiffs,

v.

Steven BREHM and Jane Brehm, His Wife, d/b/a Harbour Lights Resort; Fred Polich, d/b/a Fred's Trout Fishing Unlimited Guide Service; Curt Morris; and Henry Cook, d/b/a Wildcat Shoals Resort, Defendants.

Civ. No. 84–3007.

United States District Court,
W.D. Arkansas,
Harrison Division.

Feb. 22, 1984.

Van A. Gearhart, Poynter, Huckaba & Gearhart, Mountain Home, Ark., and Charles I. Scudder, Omaha, Neb., for plaintiffs.

James Mel Sayes, Tom Forest Lovett, P.A., Little Rock, Ark., for defendants, Steven Brehm and Jane Brehm.

David L. Osmon, Osmon & Wilber, Mountain Home, Ark., for defendant, Fred Polich.

Roy E. Danuser, Mountain Home, Ark., for defendant, Curt Morris.

Sidney P. Davis, Davis, Cox & Wright, Fayetteville, Ark., for defendant, Henry Cook.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is an action in which the estate of Joseph T. Fitzpatrick and his surviving widow seek damages from the defendants as the result of the drowning of Mr. Fitzpatrick while on a float fishing trip on the White River near Cotter, Arkansas. It is alleged in the complaint that plaintiff, Marion Fitzpatrick, the widow of the deceased, and his personal representative, is a resident of Omaha, Nebraska, and that Mr. Fitzpatrick was a resident of that city prior to his death. It is alleged that the defendants are residents of and do business in Baxter County and Marion County, Arkansas.

Plaintiffs alleged that on May 21, 1983, at approximately 1:30 p.m., the deceased

was a passenger in a jon boat on the White River owned by defendant, Henry Cook, d/b/a Wildcat Shoals Resort, and that the boat was leased at the time to defendant, Fred Polich, d/b/a Fred's Trout Fishing Unlimited Guide Service. It is claimed that defendant Polich was at all material times the employer of defendant, Curt Morris, who purported also to be a river guide. It is further alleged that Polich was the agent, servant and employee of defendants, Steven Brehm and Jane Brehm, d/b/a Harbor Lights Resort. It is claimed that the jon boat suddenly, and without warning, capsized, causing the deceased and others in the boat to be thrown into the waters of the White River, causing the death of Fitzpatrick. Such accident was alleged to be the result of negligence of some or all of the defendants, and plaintiffs pray for damages, including punitive damages, in an amount of $1,304,443.13.

According to filemarks shown on the complaint, the complaint was filed in the Circuit Court of Baxter County, Arkansas, on January 5, 1984, and on January 23, 1984, defendants Brehm removed the matter to this court. Plaintiffs have moved to remand, alleging that, since all of the defendants are citizens of Arkansas, the case is not removable because of the provisions of 28 U.S.C. § 1441(b). In their response and brief in support, defendants Steven and Jane Brehm contend, for the first time, that while the case may not be removable on strictly diversity of citizenship grounds, it is still removable because it is an admiralty or maritime case. As will be discussed in more detail later, the petition for removal does not make such allegations. In any event, the Court finds that the matter should be remanded not only for the reasons set forth in the motion to remand, but for other reasons to be discussed below.

In determining whether a case should be remanded, a great number of cases hold that if federal jurisdiction is doubtful, such doubts should be resolved in favor of state court jurisdiction and the case remanded. *See* numerous cases cited in 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3739 n. 23.

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The removal statutes will be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In the first place, the petition for removal is defective in several respects, with the most obvious one being that the petition for removal is not verified as is specifically and plainly required by 28 U.S.C. § 1446(a).

It is equally as obvious that while, as set forth above, there are a number of defendants, only two of them have attempted to remove the case. As stated in 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3731 at 718: "Ordinarily, the petition for removal must be signed by all of the defendants—whether characterized as indispensable, necessary or proper parties—over whom the state court has acquired jurisdiction." (citing cases.) The court can certainly not determine from the petition for removal that the state court has not acquired jurisdiction over all of the defendants, so the petition for removal is clearly defective on this ground also.

Likewise, the law is well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889); *Jackson v. Allen*, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249 (1889); *Garza v. Midland National Insurance Co.*, 256 F.Supp. 12 (S.D.Fla.1966); *Carl-*

*ton Properties, Inc. v. Crescent City Leasing Corp.,* 212 F.Supp. 370 (E.D.Pa.1962). In the petition for removal, it is stated that "the plaintiff was allegedly at the time this action was commenced a resident of Omaha, Nebraska." In the first place, this falls far short of specifically alleging diversity of citizenship both at the time of filing of the suit in state court and at the time of removal as required. The petition for removal doesn't allege anything in this respect, but merely states that the plaintiff "was allegedly at the time this action was commenced" a resident of Omaha.

■ In any event, it is not sufficient to allege residency of a party in a petition for removal because the right to remove an action depends upon diversity of citizenship and not diversity of residence. That is what the statute says and the courts have consistently held that residency and citizenship are not necessarily synonymous. *Tamminga v. Suter,* 213 F.Supp. 488 (D.C. Iowa 1962); *McGuigan v. Roberts,* 170 F.Supp. 372 (D.C.N.Y.1959); *South Panola Consolidated School District v. O'Bryan,* 434 F.Supp. 750 (D.C.Miss.1977).

■ Even if the clear defects in the petition for removal pointed out above are overlooked, the case should be remanded for what the Court considers to be a more serious and, in fact, fatal defect in the petition. As pointed out in 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3733 at 732: "The petition must also contain a 'short and plain statement of the facts' that entitle defendants to remove, including specific allegations as to the grounds upon which jurisdiction rests if that does not appear in the pleadings." (citing cases.)

As indicated above, the complaint merely alleges a tort action on the White River in Arkansas, and there are no allegations, no matter how liberally construed, from which it could be said that this is an admiralty or maritime case. In any event, in attempting to comply with the provisions of 28 U.S.C. § 1446(a), the removing defendants simply alleged:

That the above described action is the civil action of which this court has the original jurisdiction under the provisions of Title 28 USCA § 1332 and is one which may be removed to this court by the Petitioners, Defendants herein, pursuant to the provisions of Title 28 USCA § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum of $10,000.00 exclusive of interest and costs, and is between the citizens of different states.

■ Thus, obviously the only allegations contained in the petition for removal which even attempt to allege the jurisdiction of this court attempt to claim diversity of citizenship and jurisdictional amount as grounds for jurisdiction and don't even arguably claim that the court has jurisdiction by reason of the admiralty and maritime provisions of 28 U.S.C. § 1333. Belatedly, after the motion to remand was filed, the removing defendants have claimed in their response and brief in support that this court's jurisdiction is based upon the provisions of 28 U.S.C. § 1333, but that is not sufficient. As indicated by the Wright & Miller treatise cited above, and the numerous cases cited in that article, the petition for removal must specifically allege the grounds upon which the court's jurisdiction rests, and it is not sufficient to, belatedly, claim that there are other grounds which later came to mind.

For all of the above reasons, the motion to remand will be granted and the matter remanded to the Circuit Court of Baxter County, Arkansas.

■ While it is not necessary to decide this issue for the reasons stated above, it may be appropriate for the court to state that, in any event, it does not believe that this court has jurisdiction by reason of the admiralty or maritime provisions of law. This court and the Court of Appeals for the Eighth Circuit have already held that the White River in Northwest Arkansas was not navigable so as to convey admiralty or maritime jurisdiction upon the court, and that float fishing is not maritime activity making the stream navigable. *In re River*

*Queen,* 275 F.Supp. 403 (W.D.Ark.1967), and *George v. Beavark, Inc.,* 402 F.2d 977 (8th Cir.1968).

An order will be entered consistent with this opinion, remanding the matter.