Roy N. MOSER, Plaintiff,

v.

BOSTITCH DIVISION OF TEXTRON, INC., Defendant.

Civ. A. No. 85–0760.

United States District Court, W.D. Pennsylvania.

May 30, 1985.

John A. Caputo, Pittsburgh, Pa., for plaintiff.

Louis Loughren, Meyer Darragh Buckler Bebenek & Eck, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MENCER, District Judge.

### A. MOTION TO REMAND

The complaint initiating this personal injury action in state court was served on the defendant, Bostitch Division of Textron, Inc. (hereinafter "Bostitch"), on March 7, 1985. A timely petition for removal of the action to federal court was filed on March 28, 1985. The plaintiff has filed a Motion to Remand this case to state court, stating that the petition for removal failed to properly allege diversity jurisdiction relative to the date of the commencement of the state court action. Subsequently, the defendant, after the thirty days permitted by 28 U.S.C. § 1446 for removal of a case, filed a Motion for Leave to File an Amended Petition for Removal, in order to more properly allege the basis for removal jurisdiction. The Court has examined the pleadings and determined that although jurisdiction allegations in the removal petition are defective, we will grant the defendant's Motion for Leave to Amend.

Removal jurisdiction is to be strictly construed. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Federal courts are courts of limited jurisdiction. State courts, in contrast, are courts of general jurisdiction. The exercise of removal jurisdiction infringes upon a State's sovereignty. *See Chicago Rock Island & Pacific Railway v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). The right of a defendant to remove a case to federal court is, therefore, limited by the scope of original federal jurisdiction. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

This Court is of the view that the petition for removal is defective. The defendant in this case based its petition for removal on diversity of citizenship. A petition for removal must allege that diversity of citizenship existed at the time the petition was filed and also that diversity exist-

ed at the time suit was commenced in state court. The petition filed by the defendant, however, only alleged diversity of citizenship at the time of the filing of the petition. It is silent as to citizenship at the time the suit was commenced in state court. The petition alleged that the defendant is a corporation existing under the laws of Rhode Island with a principal place of business in Rhode Island and that the plaintiff is an individual residing in Pennsylvania. The allegation that a party "is" a citizen of a certain state is not sufficient to show citizenship at the commencement of the action. *Phoenix Insurance Co. v. Pechner*, 5 Otto 183, 95 U.S. 183, 24 L.Ed. 427 (1877). It is clear that the record must show diversity at both times. *See Jackson v. Allen*, 132 U.S. 27, 34, 10 S.Ct. 9, 9, 33 L.Ed. 249 (1889).

The defendant has filed a Motion to Amend its petition for removal pursuant to 28 U.S.C. § 1653 which provides: "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." During the thirty-day removal period a defendant seeking removal generally has a right to amend his petition. Here, however, the statutory period for filing the removal petition, and thus for establishing jurisdiction, expired prior to the filing of the defendant's motion.

Although the statutory time frame cannot be extended, some courts have allowed a defendant to amend its removal petition after the thirty-day period has run if the petition is merely defective. One such case was *Harper v. National Flood Insurers Association*, 494 F.Supp. 234 (M.D.Pa. 1980), in which the court commented on the cases not permitting amendment after the thirty days.

A fair reading of those cases is that a defendant may not, after the 30-day filing period, amend the petition for removal in such a manner as to change or alter the import of the petition, the resultant effect being to create jurisdiction where none existed before. Hence the rule that only technical changes, as well as amendments to cure *defective allegations,* will

be permitted. 494 F.Supp. at 236 (emphasis in original).

In our case, it appears that an amendment would be only for the purpose of setting forth more specifically grounds for removal which were imperfectly stated in the original petition. The plaintiff has not shown that it would be prejudiced if this Court were to allow the defendant to amend its petition for removal. There is also no controversy as to the diverse citizenship of the parties both at the time suit was commenced and at the time of removal. Therefore, we will allow the defendant an opportunity to amend its petition for removal.

## B. MOTION TO DISMISS

The Court also has before it a Motion to Dismiss Count IV of the Complaint which seeks punitive damages.

The Complaint alleged that the plaintiff was injured when a piece of wire, holding roofing nails together in a nailer, came out and penetrated his right eye. The injury occurred in Massachusetts where the plaintiff was working on a job for his Pennsylvania employer.

■ Since the differences between Massachusetts and Pennsylvania law regarding recovery of punitive damages are significant, a conflict in terms of choice of law is presented. In this diversity action, the conflict of laws rules to be applied are those of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, we will look to Pennsylvania law to determine which state's law, Massachusetts or Pennsylvania, should be applied.

For many years, Pennsylvania's choice of law rule was to apply the law of the jurisdiction where the injury occurred. The Supreme Court of Pennsylvania in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), abandoned this strict *lex loci delicti* rule in favor of a more flexible rule permitting analysis of the policies and interests underlying the particular issue be-

fore the court. In that case, an airplane crashed in Colorado killing the decedent, a Pennsylvania domiciliary. The Court reasoned that Pennsylvania law should apply since the "state in which the injury occurred, as such, has relatively little interest in the measure of damages to be recovered unless it can be said with reasonable certainty that defendant acted in reliance on that state's rule." *Griffith*, at 23, 203 A.2d at 806. In our case, as in *Griffith*, the site of the accident was purely fortuitous. The nailer and roofing nails were mailed to the plaintiff's employer in Pennsylvania. It was only as a result of the performance of work in Massachusetts for his Pennsylvania employer that the plaintiff was injured in Massachusetts.

■ The Third Circuit has interpreted *Griffith* as adopting a "flexible methodology entailing analysis of the policies and contacts of the various concerned jurisdictions." *Melville v. American Home Assur. Co.*, 584 F.2d 1306, 1311 (3d Cir.1978). This approach takes into account the contacts establishing significant relationships and the interests and policies that may be asserted by each jurisdiction. An analysis of the contacts existing between the parties and of the interests of Massachusetts and Pennsylvania leads us to conclude that Pennsylvania law should be applied.

■ It appears to the Court that Pennsylvania interests outweigh Massachusetts interests. Massachusetts has a policy of not permitting punitive damages against manufacturers unless expressly authorized by statute. *International Fidelity Insurance Co. v. Wilson*, 387 Mass. 841, 443 N.E.2d 1308 (1983). That law appears designed to deter recovery against Massachusetts manufacturers. Here, the defendant is incorporated in Rhode Island with an office in Pennsylvania. A decision in this case will not adversely affect the manufacturing process in Massachusetts. Pennsylvania's interest in assuring tort victims full compensation will be served by applying Pennsylvania law, since Pennsylvania will permit the recovery of punitive damages in certain situations. Plaintiff in this case is a Pennsylvania resident.

The merchandise was allegedly sold and delivered in Pennsylvania. The nailer and roofing nails were allegedly delivered to the plaintiff's employer in Duncansville, Pennsylvania. The relationship of the parties was centered in Pennsylvania. There have been no assertions that any activity transpired in Massachusetts other than the fortuitous happening of the injury. The accident could have as easily occurred in Pennsylvania or another state where the employer secured work for his employees. Pennsylvania has the most significant relationship to the parties. Therefore, an analysis of the interests of the states and of the contacts with those states leads us to conclude that Pennsylvania law will be employed in this action.

■ A plaintiff can recover punitive damages in Pennsylvania for a defendant's outrageous conduct. *Smith v. Brown*, 283 Pa.Super. 116, 423 A.2d 743 (1980). The Complaint alleges sufficient grounds on which to base the plaintiff's claim for punitive damages under the more liberal notice pleading requirements of federal court. Accordingly, we will not strike Count IV of the Complaint.

An appropriate order will issue.