CANRIGHT v. GENERAL FINANCE
CORPORATION.

No. 69 D.

District Court, E. D. Illinois.

June 8, 1940.

H. H. Whittemore, of Kankakee, Ill., for plaintiff.

Wilbur R. Wicks, of Danville, Ill., and William Brooks, of Chicago, Ill., for defendant.

LINDLEY, District Judge.

Defendant has entered its limited appearance and moves to quash the process for the reason that service thereof was had in the Northern District of Illinois.

Defendant is a non-resident corporation. At the oral argument counsel agreed that the person served had been designated by defendant under the statutes of Illinois as its agent for service. The suit is brought to recover alleged voidable preferences, jurisdiction of which may be entertained in either the state court or the federal court, the jurisdiction of the United States District Courts being limited to cases where venue would have existed in an action brought by the bankrupt. Title 11 U.S.C.A. § 11. Inasmuch as the latter is resident of this district and defendant a non-resident corporation, venue of an action by the bankrupt against such corporation would, under the federal statutes, exist in this court. Consequently, this action is brought in the proper locality and the question presented is whether service of process therein, the court having both jurisdiction and venue, may be had outside the district.

In Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, Mr. Justice Frankfurter, announcing the opinion, pointed out the distinction between jurisdiction and locality of a law-suit, the latter having to do with the place where existing judicial jurisdiction may be exercised, and reiterated the oft-asserted proposition that the right to be sued only in a certain place is a privilege, a right, which may be waived or lost by failure to assert it seasonably. Defendant had designated an agent for service of process in the state of New York. The suit was instituted in the Southern District of New York, which was the residence of neither plaintiff nor defendant. The court held that as the non-resident corporation was required by the state legislature to designate an agent for the service of

process in return for the privilege of doing local business, designation of such agent constituted consent to be sued in either the state or the federal court of the locality and thereby supplanted the immunity as to venue created by section 51 of the Judicial Code, 28 U.S.C.A. § 112; that the designation constituted a true contract; the person designated a true agent and the consent that he represent the corporation a real consent. Consequently, said Justice Frankfurter, the consent by Bethlehem to be sued in the courts of New York, whether federal or state, did away with the necessity of service within the district of the residence of at least one of the parties. So here, the designation of the agent for service was a waiver of the privilege preserved by section 51 and a consent that defendant might be sued in the courts of Illinois in accord with the statutes thereof, whether the court be state or federal.

■ The statutes of Illinois provide that if a defendant is nonresident of the state, an action may be commenced in any county; Illinois Practice Act, section 7, Ill. Rev.Stat.1939, c. 110, § 131; that in suits properly instituted, where the court has jurisdiction, summons may be served upon the defendant wherever found in the state, Illinois Practice Act, section 10 (section 134); and, in case of corporations, that, if the court has jurisdiction, service may be had in a county other than the one where the suit is begun. Illinois Practice Act, section 17(section 141). Under the Illinois law governing venue of action and service of process, under the cited decision of the Supreme Court, designation by the defendant here was a consent that the corporation might be sued in any court, state or federal, having jurisdiction of the cause, and that the process might be served in any county of the state. In view of the Supreme Court's announcement that this consent applies to actions in the federal court as well as those in the state court, it follows that defendant has consented that this action, instituted in the district where the plaintiff resides, may be maintained here and service had upon it anywhere in the state, as contemplated by the Illinois Practice Act and the pertinent acts. Under section 8 of the Illinois Practice Act (section 132), plaintiff might have instituted this suit in the state court of Kankakee County, where the transactions set forth in the complaint are alleged to have occurred, and, in such case, service might have been had in Cook County. The consent thus to be sued is not limited to the state courts but extends also to the United States District Court in which Kankakee County is located. Neirbo Co. v. Bethlehem Shipbuilding Corporation, supra.

The court having jurisdiction of the claim and defendant having waived its privilege under section 51, Jud.Code and consented that it might be sued in the localities provided by the statutes of Illinois, that consent including courts of the United States as well as those of the state, it follows that defendant's motion must be and is hereby overruled. Defendant shall answer the complaint within thirty days.