## In re REALTY ASSOCIATES SECURITIES CORPORATION.

No. 45024.

District Court, E. D. New York.

March 31, 1944.

Halpin & Keogh, of New York City (Eugene J. Keogh and Edward S. St. John, both of New York City, of counsel), for trustees.

Auchincloss, Alley & Duncan, of New York City (James B. Alley, Charles R. Lowther, and Arnold Furst, all of New York City, of counsel), for debtor.

James F. Dealy, of New York City, for Amalgamated Properites, Inc.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Joseph R. Margulies, of New York City, for Bondholders, Ernestine Needles, Abraham Needles, and others.

George Zolotar, of New York City, for Securities and Exchange Commission.

MOSCOWITZ, District Judge.

The Trustees of Realty Associates Securities Corporation, debtor, have applied to the Court for authorization to file within this proceeding a voluntary petition for the reorganization of Espade Realty Corporation, a wholly-owned subsidiary. The question has been raised as to whether the petition may legally be filed within the parent proceeding or whether it was intended by section 129 of the Bankruptcy Act, 11 U.S.C.A. § 529, merely that a subsidiary might be reorganized before the same court in a separate proceeding.

Section 129 provides: "If a corporation be a subsidiary, an original petition by or against it may be filed either as provided in section 128 of this Act[1] or in the court which has approved the petition by or against its parent corporation." Section 1(9) of the Bankruptcy Act, 11 U.S.C.A. § 1(9), states that " 'court' shall mean the judge or the referee of the court of bankruptcy in which the proceedings are pending." Thus the subsidiary clearly may be reorganized before the same judge who has charge of the parent proceeding; the only inquiry remaining is whether that judge may authorize the filing of the subsidiary's petition within the parent proceeding, or is he confined to considering them as separate matters.

■ Chapter X, 11 U.S.C.A. § 501 et seq., was enacted to replace 77B of the Bankruptcy Act and the legislative history of section 129 evidences the change which was contemplated with respect to this question. Under section 77B, sub. a, 11 U.S.C. A. § 207, sub. a,[2] if a corporation of the character therein described desired to file a petition, it was specifically required to file "in the same proceeding." Report No. 1409 of the 75th Congress, 1st Session, dealing with the changes effected by the Chandler Act (Chapter X), states in this respect: "The provision in regard to venue is clarified in respect to a subsidiary; the subsidiary * * * may file a petition in the court, not necessarily in the same proceeding, in which the petition by or against its parent corporation has been approved".[3] This indicates that Congress intended to remove the restriction under 77B, sub. a that the subsidiary's petition could be filed only in the parent proceeding and to permit the filing of it in the same court but in a separate proceeding in those cases in which the circumstances made that desirable. (See also the proposal of the National Bankruptcy Conference, included in a Judiciary Committee print).[4]

■ From these discussions, it appears that Congress appreciated the factors which often make it advisable that the subsidiary be reorganized before the same judge who is familiar with the parent proceeding. He is aware of the inter-related rights of all the parties interested in both corporations and economies of administration are thereby made possible. But it was also realized that there might be cases in which the reorganization of the subsidiary would unduly delay the progress of the parent proceeding. In substitution for the former requirement that the subsidiary's petition had to be filed "in the same proceeding", it was therefore enacted in section 129 that the "petition by or against it (the subsidiary) may be filed * * * in the court which has approved the petition by or against its parent corporation." It was never meant to revoke the practice which had previously existed

[1] 11 U.S.C.A. § 528, which reads " * * * an original petition may be filed with the court in whose territorial jurisdiction the corporation has had its principal place of business or its principal assets for the preceding six months or for a longer portion of the preceding six months than in any other jurisdiction."

[2] "(a subsidiary) * * * may file, with the court in which such debtor had filed its petition or answer, and in the same proceeding, a petition stating that it is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of reorganization in connection with, or as a part of, the plan of reorganization of such other debtor, * * *."

[3] House Report, No. 1409, filed July 29, 1937 to accompany H. R. 8046, pages 39–41.

[4] Committee Print, 74th Congress, 2nd Session, Analysis of H. R. 12889, pages 61–62, which reads:

"While the reorganization of a subsidiary should be conducted *in connection with* that of its parent corporation, it may nevertheless be an entirely separate reorganization and not necessarily *as a part of* the reorganization of the parent corporation. While this distinction may be implied from the present language of 77B, and in practice has been permitted, it is not entirely clear or certain. As a matter of administration and the effective handling of a reorganization, it would seem advisable that the court which has jurisdiction of the reorganization of the parent corporation should also have before it and deal with the reorganization of its subsidiary or subsidiaries as such. This would assure greater flexibility, ease of administration and the protection of the inter-related rights of all parties concerned."

The bill based upon this Committee Print was revised and introduced into the 75th Congress, 1st Session, as H. R. 6439, thereafter amended and reported as H. R. 8046. This bill as recommended by House Report No. 1409 passed the House and the Senate with section 129 in its present form.

and the omission of the words "in the same proceeding" was intended to remove that restriction and leave it to the discretion of the court whether the reorganization of the subsidiary within the parent proceeding would be desirable in the instant case.

The Trustees of Realty Associates Securities Corporation are authorized to file within this proceeding a voluntary petition for the reorganization of Espade Realty Corporation.