## In the Matter of SCHAFER'S BAKERIES, Debtors.
### No. 36060.

United States District Court,
E. D. Michigan, S. D.
March 4, 1955.

Henry J. Freud (of Porritt, Freud, Toppin, & Louisell), Detroit, Mich., for debtor.

Benjamin W. Jayne (of Dahlberg, Simon, Jayne, Woolfenden & Gawne), Detroit, Mich., Noble T. Lawson (of Wilcox, Lacy, Lawson, Kirkby & Hunt), Detroit, Mich., for trustee.

Archie Schimberg, Chicago, Ill., Morris Garvett (of Levin, Levin, Garvett & Dill), Detroit, Mich., for Woodward Commercial Corp.

Joseph S. Radom (of Kenney, Radom & Rockwell), Detroit, Mich., Eckhart, Klein, McSwain & Campbell, Chicago, Ill., Henry H. Sills (of Butzel, Levin, Winston & Quint), Detroit, Mich., for Creditors' Committee.

William E. Carroll (of Cooke, Beake, Miller, Wrock & Cross), Detroit, Mich., for Standard Milling Co.

FREEMAN, District Judge.

On July 13, 1954, six corporations, each having the same shareholders, filed separate petitions for corporate reorganization under the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Each was a separate and distinct corporation though apparently engaged in certain interrelated bakery operations. On the same date, this Court entered an order consolidating for the purposes of administration these six proceedings into one. Subsequently a trustee and an attorney for the trustee were appointed by the Court, and since that time certain steps have been taken working toward a reorganization.

Woodward Commercial Corporation, a secured creditor possessing certain chattel mortgages on certain equipment of the debtor and also security on certain real property of the debtor, filed a motion to dismiss the consolidated reorganization proceeding on the ground that the petitions were not filed in "good faith". Woodward contends that as of the date of the filing of the petitions it was unreasonable to expect that a plan of reorganization could be effected, Section 146(3), 11 U.S.C.A. § 546(3), and that there was not a sufficient showing why adequate relief could not be obtained under Chapter XI of the Act, Section 146 (2).

Apparently in support of this position Woodward states that inasmuch as the time fixed by the court for the filing of a plan by the trustee has almost elapsed and there is, as yet, no indication that any plan will be forthcoming nor that any effort has been made to formulate a plan, it is therefore unreasonable to expect that a plan of reorganization could be effected. But this contention is at least premature since the time for the filing has not, as yet, expired. However, even if such time had elapsed without a plan having been filed, this would not negative the requirement of "good faith". The court cannot look to what has transpired since the filing of the petition as bearing on "good faith" or more particularly whether there was a reasonable possibility of successful reorganization when the plan was filed. To this effect see In re Julius Roehrs Co., 3 Cir., 115 F.2d 723, 724, wherein the court, in discussing the tests to be applied by the District Court in determining whether or not a petition for reorganization is filed in good faith, stated:

"* * * it was not the duty of the court to ascertain whether or not a particular plan of reorganization could be carried out but only whether it was reasonable to expect that a plan of reorganization could be effected; that there was opportunity and need for reorganization and that the petition was filed with the honest intention of effecting it and not for the purpose of hindering and delaying creditors. * * *

"There is always a question as to whether or not there is good will or going concern value in the business of a debtor which feasibly may be preserved by reorganization for those entitled to it. * * *"

Another contention urged upon the court by Woodward is that since Woodward will not consent to any plan of reorganization unless paid in full, such announced opposition makes it unreasonable to expect that a plan can be effected. But this argument, likewise, is an invitation to the court to take a hindsight point of view in determining whether or not the petitions were filed in "good faith". Furthermore, it has been held that the announced opposition of creditors or stockholders at the commencement of the proceedings has no bearing on good faith under Section 146(3) of the Act. Matter of Castle Beach Apartments, Inc., 2 Cir., 113 F.2d 762. Collier on Bankruptcy, Vol. 6, p. 1782.

As the court previously indicated the contention that there is not a sufficient showing why adequate relief cannot be obtained under Chapter XI is without merit. The court is of the opinion that a sufficient showing has been made in the petitions.

As a further reason why, at the time of the filing of the petitions, it was unreasonable to expect that a plan could be effected, Woodward urges that these six separate corporate entities cannot be reorganized in one consolidated proceeding, since the creditors of one corporation should not be thrown in with those of another corporation when the relative financial conditions of the various corporations may differ. The court was troubled with this contention and requested briefs covering this aspect of the motion.

 Among other things, Woodward's brief alludes to an allegation in the petitions which may deprive the court of jurisdiction. That is, Woodward points out that the petitions, in attempting to come within the requirement of Section 128, allege that petitioner "has had its principal place of business for a longer portion of the preceding six months· than in any other jurisdiction in the City of Detroit, Wayne County, Michigan, within this district". Whether or not this is true with respect to some of the corporations is now immaterial. Section 128 is not jurisdictional but relates only to venue. As Collier (Vol. 6, p. 1443) states: "Venue, however, is not a jurisdictional limitation. It is a personal privilege that may be waived by failing to make objection thereto at the proper time." In note 21, Vol. 6, pp. 1433–1434, Collier states:

"In the case of a voluntary petition, creditors, or indenture trustees, or any stockholder * * * have the opportunity under Sec. 137 to raise the question of venue by answer at any time prior to the date first set for hearing prescribed in Sec. 161".

 In this case the hearing date was September 10, 1954. No objection to venue having been made on or before that date, such objection must now be deemed to have been waived.

 But there remains the problem of whether the reorganization of six separate corporations, not having the relationship of parent and subsidiary but apparently being operated as a common enterprise, may be consolidated into one corporate reorganization proceeding for the purposes of administration. There is apparently no specific provision of the Act expressly authorizing such consolidation and very few cases on the subject.

Section 129 of the Act permits the reorganization of a parent and subsidiary in a single proceeding. The purpose of this section is merely to eliminate possible venue complications which might arise because of the venue requirements of Section 128 where it would be desirable to have the subsidiary brought into the same proceeding with the parent. Collier (Vol. 6, p. 1437) states:

"The reason for creating such an exception in the case of subsidiary corporations is that situations may be presented 'where the court which already has jurisdiction of the reorganization of the parent corporation should also have before it any proceedings of its subsidiary or subsidiaries'. (Citing Senate Report No. 1916, on H.R.8046, 75th Cong. 3d Sess. (1938) 25.) There may be interrelations and connected interests which make it desirable that plans for reorganization be carried forward concurrently." Citing Matter of Realty Associates Securities Corp., D.C., 55 F.Supp. 546.

Certainly those reasons are appropriate and pertinent to the instant matter, especially in view of the desire as stated in the petitions to revamp and recast the corporate structure because the present set-up is too unweildy. The case of In re Pittsburgh Ry. Co., 3 Cir., 155 F.2d 477, 484, involved the reorganization of separate corporations, some related and some not related as parent and subsidiary, in one proceeding. In that case certain so-called underliers of the corporation being reorganized were pulled into the reorganization, as Judge

Goodrich stated "willy nilly", over their objections:

Quoting from the opinion:

"It is not claimed that there is any judicial precedent squarely on the point confronting us. We do have, however, signposts to mark the way. There are a number of cases in which the fact that the principal corporation was in bankruptcy has brought with it into the bankruptcy court its subsidiaries, even though the latter, on the showing of their own separate corporate books, were not insolvent. * * *

"Our conclusion is that the facts of the present case call for the treatment of this great transportation system as one entity for purposes of reorganization, regardless of the elaborate jig-saw puzzle arrangement of all the underlying companies which have gone into it."

Therefore, it seems to the court that if separate corporations could be brought into a reorganization proceeding over their objection, as they were in the Pittsburgh case, they may be consolidated into one proceeding where they consent thereto and the intercorporate relationship appears to make such consolidation desirable.

While it probably will be more difficult to formulate a plan under such an arrangement, it does not necessarily follow that it is unreasonable to expect that a plan of reorganization which takes into account the relative positions of the various corporate creditors cannot be effected. Neither does it necessarily follow that creditors of the various Schafer corporations involved must be treated with equality and their relative positions with respect to the particular corporation of whom they are creditors ignored. An objection that the various creditors should not be "lumped" together should be directed to the proposed plan and cannot bear on "good faith", or more particularly on whether it was reasonable to expect that a plan could be effected.

As a further guide in reaching its decision the court is mindful that Section 115 of the Act expressly grants to the court authority to exercise equity jurisdiction. Furthermore, Section 2 (15) empowers the court with authority to

"make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act." 11 U.S.C.A. § 11(2).

Under the broad powers conferred by Section 115, it would seem that if a court of equity could consolidate separate corporate receiverships into one proceeding for purposes of administration, likewise, the court in a Chapter X proceeding may so consolidate for, as stated, this court has the power of a court of equity.

In the case of Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 673, the court ordered the consolidation of three separate receiverships into one proceeding. In upholding such action the appellate court stated:

"Here, the cases which were consolidated involved three separate corporations, but the properties owned by the corporations were parts of an integrated hotel system. * * * The two hotels had been under a single management, that management was being attacked, and there were common issues running through the three cases."

However, in that case the opinion states that the order of consolidation was entered with the consent of all parties to the actions. It is not clear whether this means consent of the management of the three corporations or consent of the creditors as well. However, the court further states:

"Manifestly, the court did not abuse its discretion either in ordering the consolidation in the first instance or in *subsequently declining*

*to vacate the order of consolidation"*. (Emphasis added.)

Therefore, this court concludes that it may properly administer these six separate though related corporate entities in a single proceeding and, hence, the motion to dismiss will be denied. An appropriate order may be presented.