George E. TAMMINGA and Henrietta Tamminga, Plaintiffs,

v.

James W. SUTER and Minnie E. Suter, C. W. Suter and Son and Archie King, Defendants.

Civ. No. 1273.

United States District Court
N. D. Iowa, W. D.

Dec. 7, 1962.

Donald M. Pendleton, and Don W. Thompson, Hess, Pendleton & Thompson, Sioux City, Iowa, for plaintiffs.

John W. Gleysteen, and Robert R. Eidsmoe, Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, Iowa, for defendants.

DELEHANT, District Judge.

Pending for present ruling in this action is a pleading served and filed by the plaintiffs and entitled, MOTION TO DISMISS PETITION FOR REMOVAL (filing 6). In the context of the action, now very briefly to be reflected, that motion of the plaintiffs is appropriately being regarded and treated as a motion to remand. It ought so to have been entitled.

On February 23, 1962, the plaintiffs, who are husband and wife, filed in the District Court of Iowa, in and for Woodbury County, a petition at law, whereby this action was instituted, and therein alleged the occurrence on or about March 2, 1960, in Woodbury County, Iowa, of a collision between an automobile owned and occupied by both plaintiffs, and being operated by plaintiff, George E. Tamminga, and a pick-up truck owned by defendants, James W. Suter, Minnie E. Suter, and C. W. Suter and Son, and being operated, in its owners' behalf, and upon and in the course of their business, by their employee, the defendant, Archie King; the proximate causation of such collision by alleged negligence of the defendant, Archie King, attributable to the other defendants; the infliction, as the direct result of the collision, upon the plaintiffs, of injuries and damages in several identified respects, in the aggregate sum of $54,615.28; and prayed judgment against the defendants for that sum, together with interest and costs. The plaintiffs, in their petition at law, also alleged that at the time of the collision, they were *residents* of Sioux City, Iowa, but at the time of filing suit they were residents of Kenosha, Wisconsin, and that the defendants, at all material times, including the time of filing suit, were *residents* of South Sioux City, Nebraska. Process was served on the defendants in the manner contemplated in Section 321.498 of the 1958 Code of Iowa, I.C.A.

On March 7, 1962, the defendants filed herein their PETITION FOR REMOVAL of the action from the District Court of Iowa, in and for Woodbury County, to this court upon the ground of diversity of citizenship Title 28 U.S.C. §§ 1332(a) (1) and 1441 et seq., alleging in support of such requested removal,

that at the time of the institution of the suit, the defendants were citizens and residents of Nebraska, and not citizens and residents of Iowa, and that the plaintiffs at the time of the institution of the suit were, and continued to be citizens and residents of Iowa, and that the amount in controversy exceeded—as it manifestly did—the sum of $10,000.00, exclusive of interest and costs. They also tendered bond in adequate form and with adequate surety. And they gave notices and filed a copy of the petition with the clerk, as required by Title 28 U.S.C. § 1446(e).

On March 12, 1962, the plaintiffs filed the motion to dismiss petition for removal (filing 6), which I regard and treat as a motion to remand, supra. In it they reiterate (not directly but by allusion to their petition at law) that the plaintiffs, at the time of the institution of the suit, were *residents* of Wisconsin, not of Iowa, and, (with the asserted support of the petition for removal) that the defendants were *residents* of Nebraska; and, in evident reliance upon Title 28 U.S.C. § 1391(a), they allege that since neither the plaintiffs nor the defendants, nor any of them, are *residents* of the Northern District of Iowa, "proper venue is not in the District Court in and for the Northern District of Iowa, Western Division, and therefore this District Court of the United States does not have original jurisdiction of the parties or of the subject matter and this case is therefore not removable to said United States District Court in and for the Northern District of Iowa." It will be observed that in that pleading, the plaintiffs nowhere allege the *citizenship*, as distinguished from the *residence* of any party to the suit. Nor do they make any allegation of citizenship in their original petition at law. In the petition at law designed for filing in the state court of Iowa, the allegation of citizenship was unnecessary. But in the motion, now being regarded as a motion to remand, that is not true. Here citizenship is what really matters, and it is not alleged by an averment of residence.

Finally, on March 29, 1962, the defendants served and filed herein (filing 8) their RESISTANCE TO MOTION TO DISMISS PETITION FOR REMOVAL. It was and is an unnecessary pleading. Yet, in this case, it probably serves a purpose through a concession in its final paragraph "that none of the plaintiffs nor none of the defendants are residents of Woodbury County, Iowa." The RESISTANCE asserts that the quoted language did not prevent the District Court of Iowa, in and for Woodbury County, Iowa, from having venue or jurisdiction in this cause of action, and on removal to Federal Court does not prevent the Federal Court from acquiring proper venue or jurisdiction. I observe, of course, that that concession is in terms of "residence" not specifically of "citizenship."

Those are the pleadings yet filed which are of present significance. And the one which now evokes a ruling is the motion to dismiss petition for removal. Announcement of that ruling may be made with appropriate brevity, for the controlling issues are few and simple, and free from practical doubt.

■ It is initially to be observed that this action was properly brought in the District Court of Iowa in and for Woodbury County, and that service of process was correctly made under the Iowa nonresidents motor vehicle statute: Section 321.507, Iowa Code Annotated explicitly provides that:

> "*Actions against nonresidents* as contemplated by this law *may be brought* in the county of which the plaintiff is a resident, or *in the county in which the injury was received, or damage done.*" (emphasis added)

And section 321.498 of such code is in this familiar language:

> "The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

> "1. An agreement by him that he shall be subject to the jurisdic-

tion of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

And, touching item three of those statutorily declared "agreements," see also section 321.506 of the Code. Concerning the constitutionality of statutes of that character, see Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. Constitutionality unquestionably exists, and is no longer a debatable question.

Certain applicable statutory language should preliminarily be recalled. Removability of an action of the present character is defined by Title 28 U.S.C. § 1441(a) and (b). The pertinent language follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.* (emphasis added)

"(b) *Any civil action of which the district courts have original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the*

*parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."* (emphasis added)

The vital question, in the light of the italicized language quoted from Title 28 U.S.C. § 1441(a) and (b), supra, is whether the case before me is one of which "the district courts of the United States have original jurisdiction." With respect to cases of the instant nature, this question is answered by Title 28 U.S.C. § 1332(a) (1). And that answer is that:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States."

Because the subject is tendered by the pleadings, effectively, even if not *nominatim,* the statute touching venue is involved in this ruling. So far as it is presently drawn in issue, Title 28 U.S.C. § 1391(a) declares that:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Title 28 U.S.C. § 1441(a) and (b), having to do with the removal of actions, imposes upon removability the primary requirement that the right be limited to actions brought in the state courts of which the district courts of the United States have original jurisdiction. It is not in anywise concerned with venue. To state the point succinctly, it does not declare as a limiting requirement for removability that a case be one over which the venue lies in the United States District Court for the district within which the state court where the case is pending is located. That silence is an important consideration.

In American federal jurisprudence there is a vital distinction between the

jurisdiction of the district courts of the United States and the venue of actions which lies in a particular district court. Mr. Justice Frankfurter lucidly reflected the distinction, and something of its reach, in the prevailing opinion in Neirbo Company v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S. Ct. 153, 84 L.Ed. 167. He said:

> "The jurisdiction of the federal courts—their power to adjudicate— is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised —though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. After a period of confusing deviation it was firmly reëstablished in General Investment Co. v. Lake Shore [& M. S.] Ry. Co., 260 U.S. 261 [43 S.Ct. 106, 67 L.Ed. 244], and Lee v. Chesapeake & Ohio Ry. Co., [260 U.S.] ibid. 653 [43 S. Ct. 230, 67 L.Ed. 443], over-ruling Ex parte Wisner, 203 U.S. 449 [27 S.Ct. 150, 51 L.Ed. 264], and qualifying In re Moore, 209 U.S. 490 [28 S.Ct. 585, 52 L.Ed. 904]. All the parties may be nonresidents of the district where suit is brought. Lee v. Chesapeake & Ohio Ry. Co., supra. Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.' Commercial [Cas.] Ins. Co. v. [Consolidated] Stone Co., 278 U.S. 177, 179 [49 S.Ct. 98, 73 L.Ed. 252].

> "Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. Commercial [Cas.] Ins. Co. v. [Consolidated] Stone Co., supra. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference. The essence of the matter is that courts affix to conduct consequences as to place of suit consistent with the policy behind § 51, which is 'to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found.' General Investment Co. v. Lake Shore [& M. S.] Ry. Co., supra [260 U.S.] at 275 [43 S.Ct. at 113.]."

That language is quoted not upon any assumption that the Neirbo Company case is directly in point here, which is not the fact, but rather to emphasize the very real distinction between jurisdiction and venue, and to avoid their confusion. It is, however, significant in this respect, that, in consequence of that distinction, a civil action "over which the district courts of the United States have jurisdiction," by reason of diversity of citizenship, may be instituted in the United States District Court for a District not within the definition of Title 28 U.S.C. § 1391(a), and remain there for adjudication unless the defendant or defendants make timely tender of a motion directly aimed at improper venue. See also Olberding v. Illinois Central Railroad Company, Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; Commercial Casualty Insurance Company v. Consolidated Stone Company, 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; Lied Motor Car Company v. Maxey (8 Cir.), 208 F.2d 672; Duval v. Bathrick (D.C.Minn.), 31 F.Supp. 510; Kehaya v. Axton (D.C. N.Y.), 32 F.Supp. 273; Canright v. General Finance Corporation (D.C.Ill.), 33 F.Supp. 241; In Matter of Schafer's Bakeries (D.C.Mich.), 129 F.Supp. 82.

Diversity of citizenship and the existence of a matter in controversy exceeding in value $10,000, exclusive of interest and costs, being essentially granted, it necessarily results that this action could have been instituted originally in this court. It is true that, if it had been instituted here, neither the plaintiffs nor

the defendants, nor any of them being residents in this district, it would have been vulnerable to a motion to dismiss for improper venue. But, if no such motion had been served and filed, and if the defendants had joined issue on the merits, it would have remained in this court and proceeded to judgment, which would have been effective, because this court, as a district court of the United States, would have been vested with jurisdiction, which is an imperative requirement not subject to waiver, as distinguished from venue, which is a personal privilege that may be waived, and is waived, unless it be timely and explicitly asserted, supra.

■ One further observation should be made. I have already undertaken to make clear that Title 28 U.S.C. § 1441(a) and (b), supra, dealing with the right of removal, provides, as a prerequisite to the existence of the right, that the case be one "of which the district courts of the United States have original jurisdiction," and thereby makes jurisdiction of "the district courts of the United States" a critical factor. It nowhere and in nowise conditions removability upon the institution of the action in a state court within the territorial area of a United States District Court, which would be possessed of unchallengeable venue under Title 28 U.S.C. § 1391(a) supra. Thus, it refrains from making removability to depend upon the venue statute.

Shortly stated, Title 28 U.S.C. § 1391 (a) has no possible effect upon the removability of an action from a state court to a United States District Court. Lee v. Chesapeake & Ohio Railway Company, 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, which is directly in point. (See its very clear discussion, point by point, of the subjects already adverted to herein.) Fawick Corporation v. Alfa Export Corporation (D.C.N.Y.), 135 F.Supp. 108.

■ Nor does it have any effect whatsoever upon the identification of the particular United States District Court to which a removable case pending in a state court shall be removed. That subject is expressly controlled by Title 28 U.S.C. § 1441(a) which provides clearly that such removal shall be "to the district court of the United States for the district and division embracing the place where such action is pending." It thereby necessarily makes possible the removal of a case pending in a state court to the United States District Court of a district which, if it had been filed originally within that United States District Court, would have had to grant and sustain a motion to dismiss it on the ground of improper venue. Lee v. Chesapeake & Ohio Railway Company, supra; Freeman v. Bee Machine Company, 319 U.S. 448, 454, 63 S.Ct. 1146, 87 L.Ed. 1509; Lesnik v. Public Industrials Corporation (2 Cir.), 144 F.2d 968, 977; Moss v. Atlantic Coast Line R. Company (2 Cir.), 157 F.2d 1005, cert. den. 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286.

■ I conclude, therefore, that the present action was properly removed to this court. That conclusion is reached upon the hypothesis that the plaintiffs, at the time of filing their petition in the case, were both citizens of Wisconsin. It is added, however, that the result would not be different if they were—as the defendants in their motion to remove allege them to have been—citizens of Iowa. For in that event, not only would the original jurisdiction of the District Courts of the United States unquestionably exist, as it does even in view of their Wisconsin citizenship, but this court would also be a forum with the proper venue for its original institution.

An order is accordingly being made and entered concurrently herewith denying and overruling the plaintiffs' motion to dismiss petition for removal.

■ Before parting with the case, I do venture to offer a suggestion which I regard as appropriate. While it appears actually to be undisputed that plaintiffs, at the time of the institution of the action, were citizens of Wisconsin, the simple fact is that their motion to dismiss petition for removal does not so allege. It is not pedantic—in fact, is

even courtesy—for a judge to remind counsel that an allegation of *residence* is not in any sense an allegation of *citizenship*. The plaintiffs, in harmony with the fact, and particularly if they desire to make and preserve a record upon the validity of the order herewith announced, should amend their motion to dismiss petition for removal in such wise as unequivocally to allege that at the time of instituting this suit they were citizens of Wisconsin. Naturally, no like amendment need be made in their original petition filed in the state court.